# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL KELLY and | ) | Case No. |
| JULIE KELLEY | ) | |
| 10609 Church Road | ) | Hon. |
| Huron, OH  44839 | ) | |
| | ) | **NOTICE OF REMOVAL** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INSYS THERAPEUTICS, INC. | ) | |
| CT Corporation System | ) | |
| Corporation Trust Center | ) | |
| 1209 Orange Street | ) | |
| Wilmington, DE  19801 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| INSYS PHARNA, INC. | ) | |
| CT Corporation System | ) | |
| Corporation Trust Center | ) | |
| 1209 Orange Street | ) | |
| Wilmington, DE  19801 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| INSYS MANUFACTURING, LLC | ) | |
| CT Corporation System | ) | |
| 1999 Bryan Street, Suite 900 | ) | |
| Dallas, TX  75201 | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Insys Therapeutics, Inc., Insys Pharma, Inc., and Insys Manufacturing, LLC ("Insys")[1] hereby remove this action from the Common Pleas Court of Erie County, Ohio, to the United States District Court for the Northern District of Ohio, Western (Toledo) Division, based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1367, 1441(a), and 1446(b). In support of removal, Insys states as follows:

## I. Procedural Background and Relevant Facts.

1. On July 18, 2018, Plaintiffs commenced this civil action in the Common Pleas Court of Erie County, Ohio by filing a Complaint captioned *Michael Kelley, et al. v. Insys Therapeutics, Inc., et al.*, No. 2018 CV 0395. A copy of the Erie County Court of Common Pleas docket is attached as Exhibit A; a copy of the Complaint is attached as Exhibit B.

2. In the Complaint, Plaintiffs allege that Mr. Kelley suffered injuries while using SUBSYS®, a prescription pain medicine, and that Mrs. Kelley suffered loss of consortium and from negligent infliction of emotional distress as a result of Mr. Kelley's alleged injuries. Plaintiffs allege that Insys manufactured Subsys.

## II. The Notice of Removal Is Timely.

3. Plaintiffs filed the state court action on July 18, 2018. Insys was served on July 30, 2018. Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (removal is timely when filed no later than 30 days after formal service of the complaint).

---

[1] Insys Manufacturing, LLC is not a proper party to this litigation and appears specially herein with full reservation of all rights and defenses.

### III. Complete Diversity of Citizenship Exists.

4. Removal of this case is permitted under 28 U.S.C. § 1441(b) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

5. Plaintiffs are, and at the time of filing this action were, Ohio residents. *See* Compl. ¶ 1. Based on publicly available information, Plaintiffs have lived in Ohio since 1990 and at the time of filing this action were registered to vote in Ohio. Accordingly, Plaintiffs are citizens of Ohio for purposes of diversity jurisdiction.

6. Insys Therapeutics, Inc. is, and at the time of this action's filing was, a Delaware corporation with its principal place of business in Arizona. *See* Compl. ¶ 2. Therefore, Insys Therapeutics, Inc. is a citizen of Delaware and Arizona for the purpose of determining subject matter jurisdiction. *See* 28 U.S.C. § 1332(c).

7. Insys Pharma, Inc. is, and at the time of this action's filing was, a Delaware corporation with its principal place of business in Arizona. *See* Compl. ¶ 3. Therefore, Insys Pharma, Inc. is a citizen of Delaware and Arizona for the purpose of determining subject matter jurisdiction. *See* 28 U.S.C. § 1332(c).

8. Insys Manufacturing, LLC is, and at the time of this action's filing was, a limited liability company comprised of Insys Development Company, Inc., which is, and at the time of this action's filing was, a Delaware corporation with its principal place of business in Arizona. Therefore, Insys Manufacturing, LLC is a citizen of Delaware and Arizona for the purpose of determining subject matter jurisdiction. *See* 28 U.S.C. § 1332(c).

9. Thus, there is complete diversity of citizenship between Plaintiffs (citizens of Ohio) and Defendants (citizens of Arizona and Delaware). *See Evanston Ins. Co. v. Hous. Auth. of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017) ("[Plaintiff] invoked our

diversity jurisdiction in filing this lawsuit. . . . A federal court has such jurisdiction only if complete diversity exists, only if each of the plaintiffs comes from a different State from each of the defendants.") (citations omitted).

## IV. The Amount in Controversy Is Met.

10. The amount in controversy exceeds $75,000, exclusive of interest and costs.

11. In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014), the United States Supreme Court held that a defendant may properly remove an action based upon the following principles:

- a defendant "need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold," *id.* at 554 (emphasis added),

- the defendant "may *simply allege or assert* that the jurisdictional threshold has been met" under a standard of pleading only "'a short and plain statement of the grounds for removal,'" *id.* at 553-54 (quoting 28 U.S.C. § 1446(a)) (emphasis added), and

- once alleged, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

12. The *Dart* standard permits a defendant to remove with a simple pleading that asserts a "plausible allegation" that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Heartland-Mt. Airy of Cincinnati OH, LLC v. Johnson*, No. 1:15-cv-86, 2015 WL 667682, at *2 (S.D. Ohio Feb. 17, 2015) (stating, "[j]ust as a federal court should accept a plaintiff's good faith allegation of the amount in controversy, the removal statute instructs that 'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.' . . . Accordingly, a removing 'defendant's amount-in-

controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." (quoting *Dart Cherokee*, 135 S. Ct. at 553-54)). This allegation is presumed correct.

13. Then, only if challenged, *Dart* holds that the proper procedure is that "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." 135 S. Ct. at 554. Notably, if remand is sought:

> Discovery may be taken with regard to that question [of whether the jurisdictional threshold is met]. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.
>
> Of course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations.

*Id.* (emphasis in original) (internal quotation marks omitted).

14. Here, the amount-in-controversy requirement for diversity jurisdiction is satisfied because it is clear from the face of Plaintiffs' Complaint that Plaintiffs allege more than $75,000 in damages. Although the Complaint does not specify the amount of damages sought, the allegations make it clear that the amount in controversy exceeds the jurisdictional threshold. *See, e.g., Superior Fibers LLC v. Shaffer*, No. , 2016 WL 7469623, at *4 (S.D. Ohio Dec. 28, 2016) (stating that "Court considers 'whether it is "facially apparent" from the complaint that the damages are "likely above" the jurisdictional amount in controversy.'" (quoting *Estate of Millhon v. UNUM Life Ins. Co. of Am.*, No. 2:08-cv-652, 2009 WL 2431252, at *2 (S.D. Ohio Aug. 5, 2009))). In conducting this analysis, "[t]he Court focuses not on 'the low end of an open-ended claim, but rather . . . a reasonable reading of the value of the rights being litigated.'"

5

*Superior Fibers*, 2016 WL 7469623, at *4 (quoting *Crooks v. State Farm Mut. Auto. Ins. Co.*, No. 2:15-cv-2234, 2015 WL 8602519, at *3 (S.D. Ohio 2015)). Indeed, courts are not required to suspend reality; rather, they "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Naji v. Lincoln*, 665 Fed. App'x 397, 401 n.2 (6th Cir. 2016) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010)).

15. Insys denies that it caused Plaintiffs' alleged injuries. Nonetheless, in light of the alleged severity of the injuries that Plaintiffs describe in the Complaint, it is "facially apparent" that the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. In particular, the Complaint alleges that Mr. Kelley "had become highly dependent on Subsys." *See* Compl. ¶ 19. The Complaint further alleges that Mr. Kelley was found unresponsive with respiratory failure "due to his ingestion of Subsys," and that he suffered injuries, such as "poisoning by opioids," "anoxic brain damage," "hypoxia, aspiration pneumonia, renal failure, multiorgan system failure, liver failure, altered mental status, and stroke." *Id.* ¶¶ 20-21. According to the Complaint, Mr. Kelley spent more than a month in the ICU and endured severe, permanent injuries, including pain and suffering, past and future medical expenses, costs for past and future rehabilitation and/or home health care, lost income, and permanent disability. *Id.* ¶ 22-23.

16. Allegations of severe injuries in a product-liability action demonstrate that the damages at issue exceed the jurisdictional amount. *See Lucas v. Springhill Hosps., Inc.*, No. 1:09HC60016, 2009 WL 1652155, at *3 (N.D. Ohio June 11, 2009) (finding amount-in-controversy requirement met where plaintiffs sought to recover damages for, among other things, lengthy hospitalizations, extensive rehabilitation, life care

expenses, mental anguish, pain and suffering, medical expenses, permanent disability, and loss of consortium). Additionally, allegations of permanent injury, disability, and loss of enjoyment of life—when viewed together—support an amount-in-controversy exceeding $75,000. *See Taylor v. Tractor Supply Co.*, No. 2:14-CV-555-FTM-29, 2014 WL 5473558, at *1 (M.D. Fla. Oct. 28, 2014).

17. Moreover, Plaintiffs seek punitive damages. *See* Compl. ¶¶ 129-38. "'[W]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered.'" *Stapleton v. Skyline Terrace Apartments*, No. 5:17-cv-02207, 2018 WL 1315151, at *2 (N.D. Ohio Mar. 14, 2018) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). Because Plaintiffs seek compensatory damages in excess of $25,000 on each count and, under Ohio law, punitive damages up to $50,000 could be recovered if Plaintiffs were awarded $25,000 in compensatory damages, the total damages Plaintiffs seek satisfy the amount-in-controversy requirement. *See id.* at *4 (finding amount in controversy to exceed $75,000 by a preponderance of the evidence because plaintiffs sought more than $25,000 in compensatory damages and Ohio law allowed for up to $50,000 in punitive damages if $25,000 was awarded in compensatory damages).

18. In light of the alleged severity of the injuries and the magnitude of the claimed damages set forth in the Complaint, it is "facially apparent" that the amount in controversy exceeds $75,000, exclusive of interest and costs, and Insys sufficiently alleges the basis for diversity jurisdiction at the notice-of-removal stage. *See Dart*, 135 S. Ct. at 553.

## V.        The Removal Is Otherwise Proper.

19.    As required by 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being served upon counsel for Plaintiffs and Insys is filing a copy of this Notice of Removal with the Clerk of Court for the Common Pleas Court of Erie County, Ohio. A copy of the Notice of Filing Notice of Removal is attached as Exhibit C.

20.    Venue is proper in the Western (Toledo) Division of the Northern District of Ohio, under 28 U.S.C. § 1441(a) and Local Rule 3.8(a) because the Common Pleas Court of Erie County, Ohio is within the Western (Toledo) Division.

**WHEREFORE**, Insys Therapeutics, Inc., Insys Pharma, Inc., and Insys Manufacturing, LLC respectfully remove this action from the Common Pleas Court of Erie County, Ohio to the United States District Court for the Northern District of Ohio, Western (Toledo) Division.

Respectfully submitted,

*/s/ Sarah K. Skow*
Gerald R. Kowalski (0022323)
Sarah K. Skow (0081468)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, Ohio  43604
Telephone:  (419) 241-8599
Facsimile:  (419) 241-8599
gkowalski@snlaw.com
sskow@snlaw.com

*Counsel for Defendants*

8

## CERTIFICATE OF SERVICE

I CERTIFY that on July 31, 2018, a true and correct copy of the foregoing was mailed to:

Jacob A. Gebelle (0093528)
Richard W. Schulte (0066031)
WRIGHT & SCHULTE, LLC
865 S. Dixie Drive
Vandalia, OH  45377
Telephone:  (937) 435-7500
Facsimile:  (937) 435-7511
jgebelle@yourlegalhelp.com
rschulte@yourlegalhelp.com

*Counsel for Plaintiffs*

Dennis P. Mulvihill (0063996)
WRIGHT & SCHULTE, LLC
23240 Chagrin Blvd., Suite 620
Cleveland, OH  44122
Telephone:  (216) 591-0133
Facsimile:  (216) 591-0622
dmulvihill@yourlegalhelp.com

*Counsel for Plaintiffs*

                                              /s/ *Sarah K. Skow*
                                              *Counsel for Defendants*